1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                                   Plaintiff,<br><br>      v.<br><br>ANTONIO TAVAREZ-RUIZ,<br>                                   Defendant. | CRIM CASE NO. 09cr1692WQH<br>CIVIL CASE NO. 11cv133WQH<br><br>**ORDER** |

HAYES, Judge:

This matter comes before the court on Defendant's Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. ECF No. 128.

Defendant moves the court to modify his sentence on the grounds that his lawyer was very negative, and that the sentence he received was not what he signed for.

On or about April 15, 2009, Defendant was arrested helping to guide a group of approximately 22 aliens into the United States from Mexico near Tecate, Mexico. Defendant was subsequently indicted by the grand jury for violating the immigration laws of the United States by bringing in illegal aliens for the purpose of financial gain and without presentation.

On September 9, 2009, the grand jury returned a Superseding Indictment charging in Count 1, conspiracy to bring in illegal aliens for financial gain; in Count 2, 4 and 6, bringing in illegal aliens for the purpose of financial gain; and in Counts 3, 5, and 7, bringing in illegal aliens without presentation.

On January 12, 2010, two weeks prior to the trial date, Defendant entered a plea of guilty pursuant to a written Plea Agreement to the charges in Count 3, Count 5 and Count 7.

1  The Plea Agreement stated in part the "Defendant understands that the crimes to which he is

2  pleading guilty carry the following penalties: ... Count 7 A maximum of 15 years in prison,

3  **and a minimum sentence of 5 years in prison."**   ECF No. 85 at 4.

4  At the plea hearing, the Magistrate Judge determined that the Defendant was entered

5  into the Plea Agreement voluntarily, without mental impairment, and with knowledge of the

6  charges and penalties.  The Magistrate Judge reviewed the penalties stated in the Plea

7  Agreement including a minimum sentence of five years on Count 7, and informed the

8  Defendant repeatedly in open court that he faced a minimum sentence of five years on Count

9  7.  ECF No.130-3 at 6-7, 9.   The Magistrate Judge reviewed the Waiver of Appeal and

10  Collateral Attack contained in the Plea Agreement which stated that the Defendant waived

11  "to the full extent of the law, any right to appeal or to collaterally attack the guilty plea,

12  conviction and sentence ... unless the Court imposes a custodial sentence greater the statutory

13  maximum."  ECF No. 85 at 9-10, ECF No.130-3 at 11-12. The Magistrate Judge inquired

14  "Am I correct that you're willing to give up your right to appeal and collaterally attack your

15  conviction and sentences except as outlined in the written plea agreement."   Defendant

16  responded "Yes."  ECF No.130-3 at 11.  After reviewing the penalties, including the five year

17  minimum sentence on Count 7, the Magistrate Judge inquired: "Considering the potential

18  penalties that you could receive and the other consequences of a guilty plea, do you still want

19  to give up the constitutional rights I've told you about and plead guilty today?" Defendant

20  responded "Yes."  *Id.* at 12.

21  On January 12, 2010, the Magistrate Judge issued findings that the Defendant made

22  a knowing and voluntary plea of guilty and recommended that the district court accept the

23  plea.  ECF No. 86.  Defendant filed no objections to the findings of the Magistrate Judge.

24  On January 28, 2010, the District Court issued an order accepting the Defendant's plea

25  of guilty.  ECF No. 95.

26  On June 14, 2010, the District Court sentenced the Defendant to the mandatory

27  minimum 60 months in custody and two years of supervised release.  ECF No. 108.

28  On June 24, 2010, the Defendant filed a Notice of Appeal in the Court of Appeals for

1  the Ninth Circuit. ECF No. 112.

2      On January 3, 2011, the Court of Appeals dismissed the appeal "in light of the valid

3  appeal waiver." ECF No. 126.

4                              **RULING OF THE COURT**

5      28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act

6  of Congress claiming the right to be released upon the ground that the sentence was imposed

7  in violation of the Constitution or laws of the United States, or that the court was without

8  jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

9  authorized by law, or is otherwise subject to collateral attack, may move the court which

10 imposed the sentence to vacate, set aside or correct the sentence."

11     In this case, the record conclusively shows that the Defendant has waived his right to

12 bring a § 2255 motion. In the plea agreement, the Defendant waived "to the full extent of the

13 law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence ...

14 unless the Court imposes a custodial sentence greater than the statutory maximum sentence."

15 ECF No. 85 at 9-10. This waiver is clear, express and unequivocal. Plea agreements are

16 contractual in nature, and their plain language will generally be enforced if the agreement is

17 clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir.

18 2005). The Court imposed a sentence of 60 months. ECF No. 108. Pursuant to the terms of

19 the plea agreement, the Defendant waived his right to collaterally attack the sentence imposed.

20     Finally, the Defendant presents no grounds for relief under Section 2255 for ineffective

21 assistance of counsel or failure of counsel to file an appeal. The record conclusively shows

22 that the Defendant was fully informed of the 60 months sentence that he would receive

23 pursuant to his plea of guilty. Any claim that he relied to his detriment upon comments of his

24 counsel otherwise are foreclosed by the record in this case.

25

26

27

28 / / / / / /

1          IT IS HEREBY ORDERED that the Motion under 28 U.S.C. § 2255 to vacate, set

2    aside, or correct sentence by a person in federal custody filed by Defendant ECF No. 128 is

3    denied.

4    DATED:  May 16, 2011

5

                                 **WILLIAM Q. HAYES**

6                              United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cr1692WQH